UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSTY KROUSE and BRENNA KROUSE,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>BAC HOME LOANS SERVICING, LP; BANK OF AMERICA N.A.; and DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | No. 2:10-cv-03309-MCE-EFB<br><br><br><br>MEMORANDUM AND ORDER |

----oo0oo----

Through this action, Plaintiffs Rusty Krouse and Brenna Krouse ("Plaintiffs") seek redress from Defendants BAC Home Loans Servicing, LP and Bank of America, N.A. ("Defendants") based on alleged breaches of contract and the covenant of good faith and fair dealing, as well as promissory estoppel.  Plaintiffs also seek redress from Defendants based on alleged violations of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code section 2923.5, the California Business & Professions Code section 17200, and the Truth in Lending Act ("TILA").

1

1 Presently before the Court is Defendants' Motion to Dismiss
2 Plaintiffs' Complaint for failure to state a claim upon which
3 relief may be granted, pursuant to Federal Rule of Civil
4 Procedure 12(b)(6).[1]  Defendants' Motion was filed on
5 February 18, 2011.  Plaintiffs filed a timely opposition to
6 Defendants' Motion on April 21, 2011.  For the reasons set forth
7 below, Defendants' Motion to Dismiss is granted.

## BACKGROUND[2]

This action arises from Defendants' alleged failure to modify Plaintiffs' residential mortgage.  On or about December 17, 2007, Plaintiffs obtained a loan from Defendants. Plaintiffs allege that, at the time of obtaining the loan, they did not receive the required disclosures, including the notice of the right to cancel, in violation of TILA.

In August 2009, Plaintiffs applied for a loan modification. At that time, Plaintiffs provided documentation showing that they initially qualified for such a loan modification.  Defendants offered Plaintiffs a trial period plan, under which Plaintiffs were to make reduced loan payments for three months while being evaluated by Defendants for a permanent loan modification.

///

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

[2] The factual assertions in this section are based on the allegations in Plaintiffs' First Amended Complaint unless otherwise specified.  (See Pls.' First Am. Compl., Feb. 4, 2011, ECF No. 8.)

2

1  Plaintiffs made these reduced payments for the months of
2  September, October and November of 2009.  At the end of this
3  three-month trial period, Defendants informed Plaintiffs that the
4  modification agreement was not yet finalized, and instructed
5  Plaintiffs to continue making trial period payments.  Plaintiffs
6  made eight more loan payments.
7      On April 3, 2010, Plaintiffs received a letter from
8  Defendant Bank of America informing them that Plaintiffs
9  qualified for a permanent modification.  However, on June 25,
10 2010, Plaintiffs received a letter from Defendant Bank of America
11 stating that Plaintiffs did not qualify for a permanent loan
12 modification.
13     From the time that the trial period plan began, Defendants
14 made false representations and used deceptive means to collect
15 debt from Plaintiffs.  Additionally, Defendants failed to inform
16 Plaintiffs of their options and other rights prior to filing a
17 Notice of Default.  On November 23, 2010, Plaintiffs notified
18 Defendants that they were exercising their right to rescind the
19 loan pursuant to TILA § 1635.
20
21                            **STANDARD**
22
23     On a motion to dismiss for failure to state a claim under
24 Rule 12(b)(6), all allegations of material fact must be accepted
25 as true and construed in the light most favorable to the
26 nonmoving party.  <u>Cahill v. Liberty Mut. Ins. Co.</u>, 80 F.3d
27 336,337-38 (9th Cir. 1996).
28 ///

3

Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the [...] claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations. However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted). A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009) (quoting Twombly, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

Furthermore, "Rule 8(a)(2)...requires a showing, rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 556 n.3 (internal citations and quotations omitted). Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing 5 Charles Alan Wright & Arthur R. Miller, supra, at § 1202).

4

A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570.  If the "plaintiffs...have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id.  However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend.  Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant,...undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment...."  Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend). Not all of these factors merit equal weight.  Rather, "the consideration of prejudice to the opposing party...carries the greatest weight."  Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987).  Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment."  Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint...constitutes an exercise in futility....")).

5

**ANALYSIS**

Plaintiffs allege violations of state and federal law and request relief accordingly. The issue before the Court is not the substance of these various claims, but whether Plaintiffs have plead sufficient facts as a general matter. While the complaint does not need detailed factual allegations, it must still provide sufficient facts alleged under a cognizable legal theory. See supra.

**A.    Breach of Contract**

Plaintiffs assert breach of contract as their first cause of action. Under California law, plaintiffs bringing an action for breach of contract must plead facts sufficient to establish the following elements: (1) the existence of a contract; (2) the plaintiff's performance or excuse for nonperformance of the contract; (3) the defendant's breach of the contract; and (4) resulting damages. Armstrong Petrol. Corp. v. Tri Valley Oil & Gas Co., 116 Cal. App. 4th 1375, 1391 n.6 (2004). Furthermore, under California law, a breach of contract claim is subject to demurrer when, "[i]n an action founded upon a contract, it cannot be ascertained from the pleading whether the contract is written, is oral, or is implied by conduct." Cal. Civ. Proc. Code § 430.10 (West 2011).
///
///
///

6

1    In the instant case, Plaintiffs allege that Defendants
2 entered into a written or oral contract to honor the terms of the
3 trial period plan, and that Defendants' later denial of a loan
4 modification is a breach of that contract.  (Pls.' First Am.
5 Compl. 17:22-28, ECF No. 8.)  However, Plaintiffs fail to specify
6 the nature of their loan modification contract with Defendants.
7 Instead, Plaintiffs assert that they entered into "written or
8 oral" contracts with Defendants.  (Id. at 17:22.)  Taking these
9 facts in the light most favorable to Plaintiffs, the Court is
10 unable to determine whether the contract is written or is oral,
11 or whether a contract existed between the parties at all.
12 Accordingly, the Court lacks sufficient information to determine
13 whether a claim can be sustained as the case is currently stated.
14 Defendants' Motion to Dismiss Plaintiffs' breach of contract
15 claim is therefore granted.

17    **B.    Breach of the Covenant of Good Faith and Fair Dealing**

19    Plaintiffs assert a breach of the covenant of good faith and
20 fair dealing as their second cause of action.  Under common law,
21 a covenant of good faith and fair dealing is implied in every
22 contract.  Kransco v. Am. Empire Surplus Lines Ins. Co.,
23 23 Cal. 4th 390, 400 (2000).  However, this implied covenant
24 "does not extend beyond the terms of the contract at issue."
25 Poway Royal Mobilehome Owners Ass'n v. City of Poway, 149 Cal.
26 App. 4th 1089, 1094 (2004).
27 ///
28 ///

7

1  The covenant of good faith and fair dealing will not be implied
2  where there is no existing contract between the parties.  Racine
3  & Laramie, Ltd. v. Dept. of Parks & Recreation, 11 Cal. App. 4th
4  1026, 1032 (1992).
5      Plaintiffs assert that Defendants entered into a written or
6  oral contract to honor the terms of the trial period plan, and
7  that the later denial of the loan modification is a breach of the
8  duty of good faith and fair dealing.  (Pls.' First Am. Compl.
9  19:1-16, ECF No. 8.)  However, as set forth above in the analysis
10 of Plaintiffs' breach of contract claim, Plaintiffs have failed
11 to allege facts sufficient for the Court to ascertain what type
12 of contract, if any, existed between the parties.  See supra.
13 Without facts sufficient to establish the existence of a
14 contract, Plaintiffs' claim for a breach of the covenant of good
15 faith and fair dealing must fail.  Accordingly, Defendants'
16 Motion to Dismiss this claim is granted.

**C.  Promissory Estoppel**

20      Plaintiffs argue that Defendants' representations regarding
21 the loan modification were intended to induce Plaintiffs to rely
22 on those representations and make monthly modification payments.
23 Plaintiffs therefore assert promissory estoppel as their third
24 cause of action.  Under California law, a plaintiff bringing an
25 action for promissory estoppel must demonstrate:
26 ///
27 ///
28 ///

8

1  (1) the existence of a promise "clear and unambiguous in its
2  terms;" (2) "reliance by the party to whom the promise is made;"
3  (3) that any reliance was both "reasonable and foreseeable;" and
4  (4) that the party asserting the estoppel was injured by his
5  reliance. <u>US Ecology, Inc. v. State</u>, 129 Cal. App. 4th 887, 901
6  (2005) (citing <u>Laks v. Coast Fed. Sav. & Loan Ass'n.</u>, 60 Cal.
7  App. 3d 885, 890 (1976)).

8      Plaintiffs argue that Defendants' representations regarding
9  the loan modification were intended to induce Plaintiffs to rely
10 on those representations and make monthly modification payments.
11 Plaintiffs' First Amended Complaint states only that Plaintiffs
12 entered into a "written or oral" loan modification contract with
13 Defendants, and that Defendant Bank of America "made a
14 representation to Plaintiffs that if they agreed to the terms of
15 the TPP proposal...[Plaintiffs] would receive a permanent...
16 [loan] modification." (Pls.' First Am. Compl. 17:22, 20:3-6, ECF
17 No. 8.) Viewing these facts in the light most favorable to
18 Plaintiffs, Plaintiffs have failed to plead facts sufficient to
19 demonstrate the existence of a promise made by Defendants that is
20 "clear and unambiguous in its terms." <u>US Ecology, Inc.</u>, 129 Cal.
21 App. 4th at 901. Accordingly, Defendants' motion to dismiss
22 Plaintiffs' promissory estoppel claim is granted.

**D.  Violation of the Rosenthal Fair Debt Collection Practices Act**

26     As their fourth cause of action, Plaintiffs allege that
27 Defendants made false representations and used deceptive means to
28 collect debt from Plaintiffs, in violation of the RFDCPA.

9

The RFDCPA regulates debt collectors, and defines a debt collector as "any person who...engages in debt collection." Cal. Civ. Code § 1788.1, .2(c) (West 2011). The RFDCPA was created to "prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts...." Id. § 1788.1. More specifically, the RFDCPA was created to protect consumers from debt collection practices for "consumer debts." Id. Under the Act, debt collectors may not collect or attempt to collect debt in a harassing or threatening manner. Id. § 1788.10-.12, .14-.16. A mortgage transaction is not a collection of a debt within the meaning of the RFDCPA, and this Court does not recognize it as such. Grill v. BAC Home Loans Serv. LP, No. 10-CV-03057-FCD/GGH, 2011 WL 127891, at *9 (E.D. Cal. Jan. 14, 2011) (citing numerous other cases corroborating this view); Morgera v. Countrywide Home Loans, No. 2:09-cv-01476-MCE-GGH, 2010 WL 160348, at *3 (E.D. Cal. Jan. 11, 2010) ("California courts have declined to regard a residential mortgage loan as a 'debt' under the RFDCPA.").

In the present case, Plaintiffs allege that Defendants are "debt collectors" within the meaning of the RFDCPA, and that the "monies allegedly owed by Plaintiffs are 'debts' within the meaning of [the Act]." (Pls.' First Am. Compl. 20:27-28, ECF No. 8.) This assertion is clearly contradictory to the established case law of this court.

///
///
///

1  Plaintiffs have thus failed to demonstrate that they are entitled
2  to bring a claim for violation of the RFDCPA, and analysis of
3  this cause of action under Rule 12(b)(6) is unnecessary.
4  Accordingly, Defendants' Motion to Dismiss Plaintiffs' RFDCPA
5  claim is granted.

**E.   Violation of California Civil Code Section 2923.5**

Plaintiffs' fifth cause of action alleges that Defendants violated California Civil Code section 2923.5 by failing to inform Plaintiffs of their options and other rights prior to filing a Notice of Default.  Section 2923.5 requires all mortgagees, trustees, beneficiaries and authorized agents that seek non-judicial foreclosure of loans to make diligent efforts to "contact the borrower . . . in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." Cal. Civ. Code § 2923.5(a) (West 2011).  The law further requires that applicable notices of default include a declaration that "the mortgagee, beneficiary, or authorized agent has contacted the borrower, has tried with due diligence to contact the borrower as required by this section, or that no contact was required pursuant to subdivision (h)." Id. § 2923.5(b).

While the statute does give rise to a right of action, no party has rights under this statute until a notice of default has been filed. See id.  Furthermore, this statute applies only to mortgages or deeds of trust recorded from January 1, 2003, to December 31, 2007, inclusive . . . ." Id. § 2923.5(I).

11

1    In the present case, Plaintiffs never alleged in their
2 Amended Complaint that a notice of default was filed.
3 Additionally, Plaintiffs failed to allege that their mortgage was
4 recorded by the statutory deadline of December 31, 2007.  Without
5 these factual allegations, section 2923.5 is inapplicable to
6 Plaintiffs' case.  As such, Defendants' Motion to Dismiss
7 Plaintiffs' section 2923.5 claim is granted.

### F.   Violation of California Business & Professions Code Section 17200

Plaintiffs' sixth cause of action alleges that the Defendants violated California Business & Professions Code § 17200 by engaging in unlawful, unfair and fraudulent business practices.  Section 17200, more commonly known as the Unfair Competition Law, defines "unfair competition" as "any unlawful, unfair or fraudulent business act or practice."  Cal. Bus. & Prof. Code § 17200 (West 2011).  This section establishes a private right of action to remedy such unfair competition. See Webb v. Smart Document Solutions, LLC, 499 F.3d 1078, 1082 (9th Cir. 2007).

Section 17200 establishes three separate varieties of unfair competition: acts or practices which are unlawful, or unfair, or fraudulent.  Cal-Tech Commc'ns., Inc. v. L.A. Cellular Tel. Co., 20 Cal. 4th 163, 180 (1999).  In proscribing "unlawful business practices, section 17200 'borrows' violations of other laws and treats them as unlawful practices that [section 17200] makes independently actionable."  Durrell v. Sharp Healthcare, 108 Cal. App. 4th 1350, 1361 (2010).

12

1  Any business practice which violates federal, state or local law
2  is an unlawful business practice under the terms of section
3  17200.  Id.
4      A claim for fraudulent business acts under section 17200 is
5  distinct from a common law fraud claim.  Under section 17200, a
6  plaintiff does not need to show reliance in order to state a
7  claim for fraudulent business acts.  Klein v. Earth Elements,
8  59 Cal. App. 4th 965, 970 (1997).  A plaintiff need only allege
9  that the public is likely to be deceived by the alleged business
10 acts.  Id.  However, all claims alleging fraudulent business
11 practices under section 17200 are subject to the heightened
12 pleading standard of Rule 9(b).  Rule 9(b) requires that when
13 "alleging fraud or mistake, a party must state with particularity
14 the circumstances constituting fraud or mistake."  The Ninth
15 Circuit has held that "to avoid dismissal for inadequacy under
16 Rule 9(b), [the] complaint would need to state the time, place,
17 and specific content of the false representations as well as the
18 identities of the parties to the misrepresentation."  Edwards v.
19 Marin Park, Inc., 356 F.3d 1058, 1066 (9th Cir. 2004) (quoting
20 Alan Neuman Prods., Inc. v. Albright, 862 F.2d 1388, 1392 (9th
21 Cir. 1989)).
22     Finally, an unfair business practice under section 17200 is
23 one that "either offends an established public policy or is
24 immoral, unethical, oppressive, unscrupulous or substantially
25 injurious to consumers."  McDonald v. Coldwell Banker, 543 F.3d
26 498, 506 (2008) (citing People v. Casa Blanca Convalescent Homes,
27 Inc., 159 Cal. App. 3d 509, 530 (1984)).
28 ///

13

Such a claim requires a plaintiff to tether its allegation to a constitutional or statutory provision or regulation carrying out such a statutory policy. See Ferrington v. McAfee, Inc., No. 10-cv-01455-LHK, 2010 WL 3910169, at *11-13 (N.D. Cal. Oct. 5, 2010) (citing Lozano v. AT&T Wireless Servs., 504 F.3d 718 (9th Cir. 2007))(discussing the use of the tethering test in California courts and the Ninth Circuit).[3]

In this case, Plaintiffs allege that Defendants engaged in business practices that were unfair, unlawful and fraudulent. However, Plaintiffs' pleadings are insufficient to establish a cause of action for any of the three varieties of unfair competition. First, Plaintiffs have failed to plead facts sufficient to establish that Defendants have violated any law and thus engaged in unlawful business acts. See supra. Furthermore, Plaintiffs have failed to plead facts sufficient to establish a right to relief based on "unfair" business practices, as Plaintiffs have neither alleged that Defendants' actions violated a public policy, nor have Plaintiffs tethered their claim of unfairness to a constitutional or statutory provision or regulation carrying out such a statutory policy.

///

---

[3] The California Supreme Court has held that a tethering test applies in actions brought by a business competitor challenging anti-competitive practices. Cel-Tech Comms. v. L.A. Cellular Tel. Co., 20 Cal. 4th 163, 185 (1999). California courts are currently divided on whether a balancing test or a tethering test applies in consumer actions alleging "unfair" business acts. Cf. McKell v. Wash. Mut., Inc., 142 Cal. App. 4th 1457, 1473 (2006)(applying balancing test) with Scripps Clinic v. Super. Ct., 108 Cal. App. 4th 917, 940 (2003). The Ninth Circuit has approved the use of either a balancing test or a tethering test in such actions. Lozano, 504 F.3d at 736.

14

1    Finally, Plaintiffs have not met the heightened pleading
2 requirements of Rule 9(b), as they make only vague statements
3 that Defendants have "made and continue[] to make
4 misrepresentations and omissions of material fact...." regarding
5 Plaintiffs' loan modifications and loan payments.  (Pls.' First
6 Am. Compl. 23:17-22, ECF No. 8.)  Plaintiffs' pleadings are
7 little more than a "formulaic recitation of the elements of [the]
8 cause of action," and are therefore insufficient to "raise a
9 right to relief above the speculative level."  Twombly, 550 U.S.
10 at 555.  Accordingly, Defendants' Motion to Dismiss Plaintiffs'
11 section 17200 claim is granted.

**G.   Violation of TILA**

15    Plaintiffs' seventh cause of action alleges that Defendants
16 violated the Truth in Lending Act ("TILA") and Regulation Z, a
17 Federal Reserve regulation implementing TILA.  Both TILA and
18 Regulation Z contain specific disclosure requirements that give
19 rise to a cause of action if violated by the creditor.  15 U.S.C.
20 § 1638(a)-(c) (2006).  TILA requires creditors to make certain
21 disclosures to borrowers.  See generally id. §§ 1601-1667f.
22 Additionally, TILA includes a provision which allows borrowers
23 three business days to rescind, without penalty, a consumer loan
24 that uses their principal dwelling as security.  Id. § 1635(a).
25 If the lender has not complied with TILA's disclosure
26 requirements, the rescission period is extended to three years.
27 Id. § 1635(f).
28 ///

15

1    Under the statute, creditors must provide a borrower with
2 two notices of the right to rescind the loan agreement within
3 three days of its execution.  12 C.F.R. § 226.15(b) (2011).
4 Section 1635(e) clearly states that this "buyer's remorse"
5 provision does not apply to a residential mortgage transaction,
6 or a transaction constituting a refinancing or consolidation of
7 the principal balance due.  15 U.S.C. § 1635(e).
8    Plaintiffs allege that they did not receive two copies of
9 the notice of their right to rescind their loan.  (Pls.' First
10 Am. Compl. 25:2, ECF No. 8.)  However, § 1635(e) clearly
11 eliminates this cause of action in Plaintiffs' case, as the
12 transaction constitutes a refinancing or consolidation of the
13 principal balance due on their residential mortgage loan.  As
14 such, analysis under Rule 12(b)(6) is not necessary.  This cause
15 of action fails and Defendants' Motion to Dismiss Plaintiffs'
16 TILA claim should be granted.

## CONCLUSION

20    As a matter of law, and for the reasons set forth above,
21 Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint
22 is GRANTED with leave to amend.  Plaintiffs have not demonstrated
23 any bad faith or other malicious conduct, and therefore may file
24 an amended complaint not later than twenty (20) days after the
25 date this Memorandum and Order is filed electronically.
26 ///
27 ///
28 ///

If no amended complaint is filed within said twenty (20)-day period, without further notice, Plaintiffs' claims will be dismissed without leave to amend.

IT IS SO ORDERED.

Dated: June 9, 2011

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE